**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 01-31042**
**Summary Calendar**

---

**NICOLE TRACY HARRELL,**

**Plaintiff-Appellant,**

**versus**

**WAL-MART STORES EAST, INC.,**

**Defendant-Appellee.**

---

**Appeal from the United States District Court**
**for the Middle District of Louisiana**
**(00-CV-916-M-1)**

---

February 28, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges:

PER CURIAM:[*]

Nicole Tracy Harrell, who filed this negligence action arising out of her fall in a Wal-Mart store, contests the summary judgment granted Wal-Mart Stores East, Inc., including the denial of her additional discovery request.

The denial of additional discovery for purposes of opposing summary judgment, requested under Rule 56(f) of the Federal Rules of Civil Procedure, is reviewed for abuse of discretion. *E.g.,* ***Beattie v. Madison County Sch. Dist.***, 254 F.3d 595, 606 (5th Cir.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2001); *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 534 (5th Cir. 1999). As reflected in the district court's opinion concerning why, pursuant to Rule 56(f), additional discovery was denied, the denial was not an abuse of its discretion. *Harrell v. Wal-Mart Stores East, Inc.,* No. 00-916-8-1, at 5-7 (M.D. La. 20 July 2001) (*Harrell-USDC*).

A summary judgment is reviewed *de novo*, applying the identical standard used by the district court. *E.g., Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir.), *cert. denied*, 528 U.S. 906 (1999). Such judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(c). "We view the pleadings and summary judgment evidence in the light most favorable to the nonmovant." *Stewart*, 174 F.3d at 533.

For this negligence action under Louisiana law, Harrell must prove, *inter alia*, that: her fall was due to a condition that "presented an unreasonable risk of harm to [her] and that risk of harm was reasonably foreseeable"; and Wal-Mart "either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence". LA. REV. STAT. ANN. § 9:2800.6(B)(2). For constructive notice, Harrell must prove "the condition existed for such a period of time that it would have been

2

discovered if the merchant had exercised reasonable care". *Id*. at § 9:2800.6(C)(1).

For essentially the reasons stated in the district court's thorough and well-reasoned opinion, *Harrell-USDC,* at 7-10, we hold: there is no material fact issue on whether a condition existed presenting an unreasonable risk of harm or whether Wal-Mart either created or had actual or constructive knowledge of any such condition; and Wal-Mart is entitled to a judgment as a matter of law.

*AFFIRMED*